UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY SPEER,

       Plaintiff,

                                           Case No. 04-71300

v.                                       Hon. John Corbett O'Meara

HOME DEPOT U.S.A., INC.,

       Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MARCH 11, 2005 MOTION FOR RECONSIDERATION**

On February 25, 2005, the court entered an opinion and order granting Defendant Home

Depot's motion for summary judgment in part, and denying it in part. On March 11, 2005,

Defendant filed a motion for reconsideration pursuant to E.D. Mich. LR 7.1(g).  The facts of this

case were recounted in this Court's prior opinion and order, and they will not be repeated here.

For the reasons discussed below, Defendant's motion for reconsideration is denied.

**Standard of Review**

The standards governing motions for reconsideration are set forth in the Eastern District

of Michigan's Local Rule 7.1(g)(3):

> Generally, and without restricting the court's discretion, the court
> will not grant motions for rehearing or reconsideration that merely
> present issues ruled upon by the court, either expressly or by
> reasonable implication.  The movant must not only demonstrate a
> palpable defect by which the court and the parties have been misled
> but also show that correcting the defect will result in a different
> disposition of the case.

Defendant argues that palpable defect existed because the court applied an improper legal

standard on the issue of pretext in Plaintiff's termination.  Michigan law requires that once an

employer has provided a legitimate non-discriminatory business reason for a termination, a

plaintiff must meet an additional burden of showing this reason is merely pretextual.  Howard v.

Canteen Corp., 192 Mich. App. 427, 432 (1991).  Michigan requires a two-pronged analysis to

prove pretext.  An employee can use evidence that the employer's stated reason is false, but must

also provide some evidence that discriminatory animus was a motivating factor for the

termination.  Lytle v. Malady, 458 Mich. 153, 175-76 (1998).  Defendant argues that the court

only considered evidence of falsity in its explanation, but did not consider affirmative evidence

of discriminatory intent.  For the sake of argument, the court will assume that this analysis was

omitted from its opinion, and that this omission constituted palpable error.[1]

Even if this omission were palpable error, the correction of this error would not result in

a different disposition of the motion.  Evidence from the plaintiff's initial prima facie case of

discrimination can be considered again when making the determination of whether

discriminatory animus exists in the pretext prong of the analysis.  Id. at 178.  In this case,

Plaintiff claimed in her deposition that her supervisor Janet Baggett made a number of sexual

advances toward plaintiff, which plaintiff ultimately rejected.  As a result, Baggett's attitude

toward Plaintiff allegedly became rude and cold.  A jury could reasonably infer both pretext and

discriminatory intent from this evidence, when it is combined with the evidence of the alleged

falsity of Baggett's reason for termination.[2]

---

[1]The court notes that while it did not specifically address affirmative evidence of discriminatory intent in
the pretext section of its opinion, it considered such evidence earlier in its opinion.

[2]In its previous opinion and order, the court noted Plaintiff's testimony that she received an additional $20
discount on the sale of lumber might be believed by a jury.  It is possible to infer that Baggett claimed to believe
Plaintiff took an unauthorized discount because she wished to terminate Plaintiff for discriminatory reasons.  The
court also noted that two of the offenses which Defendant claims led to Plaintiff's termination are relatively minor
infractions.   Defendant notes that the court erred by substituting its own business judgment for Defendant's with
regards to Plaintiff's termination.  The court was not second guessing the business judgment of Defendant by

The court emphasizes that in motions for summary judgment, the facts and inferences must be viewed in the light most favorable to the nonmovant, who is in this case the plaintiff. The court can not weigh the evidence.  It must merely determine if a genuine issue of material fact exists.  In this case, the plaintiff has met her burden of creating a genuine issue of material fact regarding pretext.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's March 11, 2005 Motion for Reconsideration is **DENIED**.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  April 18, 2005

---

mentioning these reasons.  It was instead noting that a jury might draw an inference of untruthfulness from such explanations.  This potential inference, in the context of Baggett's alleged rebuffed advances, helps to create a genuine issue of material fact regarding pretext.